UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DERRICK WEST, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFF <br><br> v. <br><br> POT-O-GOLD RENTALS, LLC AND DENNIS FLYNN, INDIVIDUALLY, <br><br> DEFENDANTS | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:25-cv-559 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Derrick West ("Named Plaintiff"), on behalf of himself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against Pot-O-Gold Rentals, LLC, and Dennis Flynn, Individually ("Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. Defendants have a business plan that includes hiring driver technicians (formally known as pump truck technicians), paying them on a salary basis, and misclassifying them as exempt employees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, even though they do not perform the job duties of exempt employees. Defendants do this to avoid paying overtime compensation, saving Defendants money and allowing them to gain an unfair advantage over competitors who pay their employees correctly.

2. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff regarding the work performed and the Defendants' compensation policies, Named Plaintiff West brings this lawsuit on behalf of himself and all similarly situated current and former driver technicians to recover unpaid overtime that is required to be paid by the FLSA.

## II.  PARTIES

3. Named Plaintiff Derrick West is an individual residing in this judicial district.  His notice of consent is attached hereto as Exhibit A.

4. At all relevant times, Named Plaintiff West was an "employee" of Defendants as defined by the FLSA.

5. Named Plaintiff West was employed by Defendants from October 26, 2020 through August 23, 2024.

6. At all relevant times, Defendants were West's "employer" as defined by the FLSA.

7. Plaintiffs are Defendants' current and former driver technicians who were misclassified as exempt, paid on a salary basis and who were not paid overtime premiums for any hours worked over forty in a workweek.

8. Defendant Pot-O-Gold Rentals, LLC ("Pot-O-Gold") is a foreign limited liability company formed and existing under the laws of the State of Louisiana, operating in Alabama, Florida, Texas, Louisiana and Mississippi.

9.  Defendant Pot-O-Gold was an employer of Named Plaintiff West and those similarly situated as defined by 29 U.S.C. §203(d).

10. Defendant Pot-O-Gold can be served by serving its registered agent for service of process, Business Filings Incorporated, at 701 Brazos Street, Suite 720, Austin, Texas 78701.

11. Defendant Dennis Flynn is the owner and President of Defendant Pot-O-Gold.

12. Defendant Dennis Flynn was an employer of Named Plaintiff West and those similarly situated as defined by 29 U.S.C. §203(d).

13. Defendant Dennis Flynn can be served at 41248 E. I-55 Service Road, Hammond Louisiana 70403 or wherever else he may be found.

14. At all times hereinafter mentioned, Dennis Flynn exercised managerial responsibilities and substantial control over Pot-O-Gold's employees, including Named Plaintiff West, and the terms and conditions of their employment.

15. Dennis Flynn had and exercised the authority to hire, fire and direct Pot-O-Gold's employees, including Named Plaintiff West.

16. Dennis Flynn had and exercised the authority to supervise and control the employment relationships and work schedules of Pot-O-Gold's employees, including Named Plaintiff West.

17. Dennis Flynn had and exercised the authority to set and determine the rate and method of pay of Pot-O-Gold's employees, including Named Plaintiff West.

18. Dennis Flynn had and exercised the authority to decide whether Pot-O-Gold's employees, including Named Plaintiff West, received overtime compensation.

19. Dennis Flynn also kept and maintained employment records for all employees of Pot-O-Gold, including Named Plaintiff West.

### III.  JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law.  Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  Therefore, this Court has subject

matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

21. The Court has personal jurisdiction over Defendants because Defendants conduct business in Texas and have entered into relationships with Plaintiffs in Texas and have committed actions in Texas that give rise to this cause of action.

22. Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this cause of action occurred in this District and Division. Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this judicial district. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV.  COVERAGE UNDER THE FLSA

23. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

24. At all relevant times, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all relevant times, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all relevant times, Defendant Pot-O-Gold has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant Pot-O-Gold is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or

business done of not less than $500,000 (exclusive of excise taxes at the retail level which is separately stated).

27. Named Plaintiff and Class Members handled and otherwise worked with equipment, such as vehicles, telephones, and computers that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

28. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

29. Defendants deliver and service portable toilets at a variety of locations in Texas, including within Harris County, Texas.

30. Defendants employ a fleet of driver technicians to deliver, clean and service their portable toilets at various businesses within the State of Texas.

31. Throughout his employment with Defendants, Named Plaintiff West consistently worked more than forty hours per workweek delivering and servicing portable toilets in the Houston and Channelview areas of Texas.

32. Named Plaintiff West never received overtime premiums for any hours worked over forty per workweek.

33. Instead, Named Plaintiff West was paid a salary for all hours worked.

34. Defendants regularly refused to pay Named Plaintiff West overtime premiums for any hours worked over forty per work week, even though he worked, on average, approximately 50-60 hours

per work week.

35. This was in keeping with Defendants' clearly stated policy, communicated to all employees upon being hired, that Defendants did not pay overtime compensation.

36. Although they consistently worked very long hours, well over forty hours per work week, Plaintiffs were not properly compensated for their overtime hours.

37. Defendants required Plaintiffs to work the long hours described above and thus knew that Plaintiffs regularly worked in excess of 40 hours per work week.

38. However, Defendants failed and refused to compensate Plaintiffs at a rate that is not less than time-and one-half of their regular rates of pay for all hours worked in excess of 40 in a work week.

39. Defendants have employed and are employing other individuals who have performed the same job duties under the same pay provisions as Named Plaintiff West, in that they have performed, or are performing, the same job duties and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay for all hours worked over forty per workweek.

40. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay Named Plaintiff West and the Class Members overtime premiums for all hours worked over forty per workweek.

## VI. COLLECTIVE ACTION ALLEGATIONS

41. Named Plaintiff West and the Class Members have performed the same or similar job duties as one another. Further, Named Plaintiff West and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for any hours worked over forty per workweek. Thus, the Class Members are owed one and one-half times their properly calculated

regular hourly rate for all hours worked over forty in a work week without regard to their individualized circumstances.

42. Defendants have a policy or practice of not paying their driver technicians for any hours worked over forty per workweek. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the refusal to pay overtime premiums for any hours worked over forty per workweek to Named Plaintiff also applies to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former driver technicians employed by Defendants within the State of Texas who were not paid overtime premiums for any hours worked over forty per workweek.**

## VII.  CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

43. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

44. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to the Named Plaintiff or Class Members.

## VIII.  PRAYER FOR RELIEF

Named Plaintiff Derrick West and the Class Members pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and, upon trial of this cause, judgment against Defendants Pot-O-Gold and Dennis Flynn, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

b. For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c. For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

Welmaker Law, PLLC

/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
409 N. Fredonia, Suite 118
Longview, Texas 75601
(512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**