## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DERRICK WEST, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION 4:25-cv-559 |
| POT-O-GOLD RENTALS, LLC AND DENNIS FLYNN, INDIVIDUALLY, | § § § § | |
| Defendants. | § § | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendants **POT-O-GOLD RENTALS, LLC AND DENNIS FLYNN, INDIVIDUALLY** (collectively, "Defendants") file this Answer and Affirmative Defenses to Plaintiff's Original Complaint ("Complaint"), and would respectfully show unto the Court the following:

### DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendants respond to Plaintiff's Original Complaint by the correspondingly named and numbered paragraphs. Pursuant to Federal Rule of Civil Procedure 8, Defendants deny each allegation in Plaintiff's Complaint except those specifically admitted. All allegations not specifically admitted are denied.

### I.   NATURE OF SUIT

1. Defendants deny the allegations in Paragraph 1.

2. Defendants deny the allegations in Paragraph 2.

### II.   PARTIES

3. Defendants admit that Named Plaintiff Derrick West is a natural person but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore deny the allegations.

4. Defendants only admit that Named Plaintiff West was an "employee" of Defendant Pot-O-Gold Rentals, LLC ("Pot-O-Gold").

5. Defendants only admit that Named Plaintiff West was an employee of Pot-O-Gold from October 27, 2020 through August 23, 2024.

6. To the extent Paragraph 6 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8.

9. To the extent Paragraph 9 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit the allegations in Paragraph 11.

12. To the extent Paragraph 12 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.

13. Defendants admit the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 20.

### III.   JURISDICTION AND VENUE

20. Paragraph 20 contains legal conclusions to which no responsive pleading is required, and, thus, those allegations are denied. However, Defendants do not dispute this Court's jurisdiction.

21. Paragraph 21 contains legal conclusions to which no responsive pleading is required, and, thus, those allegations are denied. However, Defendants do not dispute this Court's jurisdiction.

22. Paragraph 22 contains legal conclusions to which no responsive pleading is required, and, thus, those allegations are denied. However, Defendants do not dispute venue.

### IV.   COVERAGE UNDER THE FLSA

23. To the extent Paragraph 23 contains legal conclusions, no responsive pleading is required, and thus, those allegations are denied.

24. To the extent Paragraph 24 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.

25. To the extent Paragraph 25 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.

26. To the extent Paragraph 26 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.

27. To the extent Paragraph 27 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.

28. To the extent Paragraph 28 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.

## V.  FACTUAL ALLEGATIONS

29. Defendants only admit that Pot-O-Gold delivers and services portable toilets at a variety of locations in Texas, including within Harris County, Texas.

30. Defendants only admit that Pot-O-Gold employs driver technicians to deliver, clean, and service their portable toilets at various businesses within the State of Texas.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants only admit that Named Plaintiff West was an exempt employee under 29 U.S.C.A. § 213(b)(1).

33. Defendants only admit that Named Plaintiff West was an exempt employee under 29 U.S.C.A. § 213(b)(1).

34. Defendants only admit that Named Plaintiff West was an exempt employee under 29 U.S.C.A. § 213(b)(1). Defendants deny the remaining allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

## VI.  COLLECTIVE ACTION ALLEGATIONS

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

## VII.   CAUSES OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

43. Paragraph 43 contains legal conclusions to which no responsive pleading is required, and, thus, those allegations are denied.

44. Paragraph 44 contains legal conclusions to which no responsive pleading is required, and, thus, those allegations are denied.

## VIII.   PRAYER FOR RELIEF

Defendants admit only that Named Plaintiff Derrick West and the Class Members are seeking damages, but deny that they are entitled to any relief, including that identified in subparagraphs a-f. Defendants deny any remaining allegations contained in this Paragraph.

## **DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES**

Further answering herein, and in the alternative, and without waiving the foregoing, Defendants respectfully pleads the following defenses, each in the alternative and without waiver of any others:

1. Defendants deny that it was Named Plaintiff's employer, as the term "employer" is defined in the FLSA or otherwise.

2. Named Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

3. Named Plaintiff's claims are barred, in whole or in part, because Named Plaintiff has not sustained any injury or damage by reason of any act or omission of Defendants.

4. Defendants would show that they are not responsible for allegedly unlawful pay practices caused by third parties over whom it had no control.

5. Named Plaintiff's claims, and all those of all the Putative Class Members, are barred, in whole or in part, by the applicable statutes of limitation.

6. Named Plaintiff's claims are barred, in whole or in part, because Named Plaintiff lacks standing to assert claims on behalf of some or all of the Putative Class Members.

7. Defendants would show that Named Plaintiff's claims, and all those of all the Putative Class Members, are barred, in whole or part, to the extent they have recovered monies allegedly owed for unpaid wages or overtime in other proceedings.

8. If there was a failure to pay overtime wages by Defendants, although such is not admitted and indeed is expressly denied, Defendants will show that Named Plaintiff and the Putative Class Members are exempt from the overtime provisions of the FLSA pursuant to the Motor Carrier Act, administrative exemption, executive exemption, professional exemption, highly compensated employee exemption, and/or some combination thereof.

9. Named Plaintiff is not entitled to overtime, as an exempt employee, and therefore, he cannot represent and is not a representative of any person seeking the payment of overtime. No class certification should be premised upon Named Plaintiff's' position. In the event the Court determines Named Plaintiff and/or any Putative Class Member is not exempt from the FLSA, then they are not entitled to overtime in connection with any work performed for Defendants because they did not accrue compensatory time in excess of the amount permitted by the FLSA. In the event the Court determines Named Plaintiff and/or any Putative Class Member is exempt from the FLSA, then they were overpaid. Defendants are entitled to a credit, if not an offset, against any alleged overtime owed to Named Plaintiff or the Putative Class Members for all pay they received which was paid for time when they did not work.

Defendants are entitled to an offset or credit for any overpayments of regular or overtime wages paid to Named Plaintiff and/or any Putative Class Member that do not constitute payments for hours worked and/or do not constitute overtime compensation required by the FLSA. In the event the Court determines Named Plaintiff and/or any Putative Class Member is exempt from the FLSA, then their claims are barred as to all hours during which they were engaged in activities that were preliminary or postliminary to their principal activities.

10.  In the event the Court determines Named Plaintiff and/or any Putative Class Member is exempt from the FLSA, then their claims are barred as to all hours which fall within the "de minimus" exception.

11.  In the event the Court determines Named Plaintiff and/or any Putative Class Member is exempt from the FLSA, then their claims are barred as to all hours allegedly worked of which Defendants lacked actual or constructive knowledge.

12.  In the event the Court determines Named Plaintiff and/or any Putative Class Member is exempt from the FLSA, then their claims are barred to the extent they seek recovery for time that is not compensable time under the FLSA, i.e., "hours worked."

13.  In the event the Court determines Named Plaintiff and/or any Putative Class Member is exempt from the FLSA, then their claims are barred to the extent they seek remedies beyond those provided for by the FLSA.

14.  In the event the Court determines Named Plaintiff and/or any Putative Class Member is exempt from the FLSA, then their claims are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under the FLSA.

15.  Named Plaintiff has failed to allege sufficient facts to justify a collective action.

16. Named Plaintiff has failed to submit sufficient evidence to justify certification of a class.

17. Named Plaintiff has not identified, and cannot identify, a group of "similarly situated" employees.

18. Named Plaintiff is not "similarly situated" to the Putative Class Members.

19. Named Plaintiff cannot adequately represent the interests of the Putative Class Members or potential opt-ins.

20. Named Plaintiff is not qualified to act as the representative on behalf of any Putative Class Member, and neither Plaintiff nor his counsel will fairly and adequately protect the interests of the Putative Class.

21. Questions of law or of fact common to the Putative Class Members would not predominate over questions affecting only individual members of the Putative Class.

22. Named Plaintiff's attempts to pursue this case as a collective action fail because an independent and individual analysis of Named Plaintiff's alleged claims and damages and the alleged claims and damages of each Putative Class Member and each of Defendants' defenses are required.

23. Named Plaintiff is not entitled to certification under 29 U.S.C. § 216(b) because the purported collective action is unmanageable and would not serve the interests of judicial economy.

24. The scope of the Putative Class is qualitatively overbroad.

25. If Named Plaintiff and/or the Putative Class Members are able to show a violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith and based upon a reasonable belief that such action or

omission was not a violation of the FLSA or any applicable state law. Thus, a three (3)-year statute of limitations is not warranted.

26. If Named Plaintiff and/or the Putative Class Members are able to show a violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith and based upon a reasonable belief that such action or omission was not a violation of the FLSA or any applicable state law. Thus, liquidated damages are not warranted.

27. If Named Plaintiff and/or the Putative Class Members are able to show a violation of the FLSA, Defendants are entitled to seek a set-off or offset for all payments they received from Defendants.

28. If Named Plaintiff and/or the Putative Class Members are able to show a violation of the FLSA, Defendants are entitled to seek a set-off or offset for personal time spent on the clock for which compensation was paid. Defendants are entitled to an offset or credit for any overpayments of regular or overtime wages paid to Plaintiff and/or any Putative Class Member that do not constitute payments for hours worked and/or do not constitute overtime compensation required by the FLSA.

29. Because an adequate legal remedy exists for the claims of Named Plaintiff and/or the Putative Class Members, they are not entitled to any equitable relief.

30. Defendants reserve the right to amend this Answer and add additional defenses as discovery may warrant. Any allegations in the Complaint not previously denied or admitted herein are denied in their entirety.

**DEFENDANTS' JURY DEMAND**

31. Defendants respectfully request a trial by jury.

## DEFENDANTS' PRAYER

Defendants **POT-O-GOLD, LLC** and **DENNIS FLYNN, INDIVIDUALLY**, pray that the Court enter judgment, that Plaintiff take nothing, dismiss Plaintiff's lawsuit with prejudice, and award Defendants all other relief to which it is justly entitled.

Respectfully submitted,

By: /s/ Tiffany Pham

**Carmen-Jo Rejda Ponce-Attorney-in-Charge**
State Bar No. 24079149
Fed. ID No. 1366666
crejdaponce@germer.com
**Tiffany Pham-Of Counsel**
State Bar No. 24100495
Fed. ID No. 3309872
tpham@germer.com
**Antonio Ramirez, III-Of Counsel**
State Bar No. 24113672
Federal ID. No. 3515678
aramirez@germer.com
**GERMER PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**COUNSEL FOR DEFENDANTS**
**POT-O-GOLD RENTALS, LLC AND**
**DENNIS FLYNN, INDIVIDUALLY**

**CERTIFICATE OF SERVICE**

      I certify that on April 9, 2025, a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all known counsel of record pursuant to the Federal Rules of Civil Procedure.

_____
**Tiffany Pham**