UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DERRICK WEST, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,**  §§§§§§ | |
| Plaintiff,  §§ | |
| v.  § | CIVIL ACTION 4:25-cv-559 |
| **POT-O-GOLD RENTALS, LLC AND DENNIS FLYNN, INDIVIDUALLY,**  §§§§§ | |
| Defendants.  § | |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

    The Rule 26(f) conference was conducted telephonically on April 21, 2025.

    Present were:

    **For the Plaintiff:**

    **Douglas Welmaker**
    State Bar No. 00788641
    doug@welmakerlaw.com
    WELMAKER LAW, PLLC
    409 N. Fredonia, Suite 118
    Longview, TX  75601
    (512) 799-2048

    **For the Defendants**

    **Tiffany Pham**
    State Bar No. 24100495
    Fed. ID No. 3309872
    tpham@germer.com
    GERMER PLLC
    America Tower
    2929 Allen Parkway, Suite 2900

1

Houston, TX 77019
(713) 650-1313

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **<u>Briefly</u> describe what the case is about.**

   Derrick West ("West") brings this putative collective action lawsuit to recover overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Pot-O-Gold Rentals, LLC ("POG") and Dennis Flynn, Individually ("Flynn") (collectively "Defendants"). 29 U.S.C. § 216(b). West alleges that POG and Flynn classified him and other similarly situated pump truck technicians as salaried employees and paid them with no overtime compensation in violation of the FLSA. West intends to seek conditional certification and permission to notify other similarly situated workers of this lawsuit and their right to opt-in under the FLSA.

   Defendants deny West's allegations. Defendants contend that West was exempt from the overtime provisions of the FLSA, including under the motor carrier exemption, and therefore, he was not entitled to overtime compensation. Additionally, Defendants contend that, because West was an exempt employee not entitled to overtime compensation, West cannot be the representative of any purported class. Defendants also deny that it improperly classified any of its employees and that West is entitled to bring a collective action.

4. **Specify the allegation of federal jurisdiction.**

   West contends the Court has jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

5. **Name the parties who disagree and the reasons.**

   All the Parties agree that the Court has federal question jurisdiction.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   The only additional parties Plaintiff anticipates adding at this time are opt in plaintiffs.

   Defendants deny that West is entitled to add additional parties and bring a collective action.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   While this is not a class action, Plaintiff does intend to file a Motion to Authorize Notice to Similarly Situated Employees. West seeks to represent a class under the FLSA of pump truck technicians who work for, or on behalf of POG and Flynn, who were classified as exempt employees.

   Defendants deny that West is entitled to add additional parties and bring a collective action.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The Parties have not made their initial disclosures as of the date of this filing but will do so by May 6, 2025.

10. **Describe the proposed agreed discovery plan, including:**

    Plaintiff agrees to accept service via email at the following email address:

    doug@welmakerlaw.com.

    Defendants agree to accept service via email as long as the following individuals are copied on service emails:

    Carmen Jo Rejda-Ponce
    crejdaponce@germer.com

    Tiffany Pham
    tpham@germer.com

    Sean Braun
    sbraun@germer.com

    Annetta Harrison
    aharrison@germer.com

    Alex May
    amay@germer.com

    A. **Responses to all the matters raised in Rule 26(f).**

    *Rule 26(f)(3)(A).* The Parties will exchange initial disclosures by May 6, 2025.

*Rule 26(f)(3)(B).* The Parties request that the Court enter a bifurcated Scheduling Order based on the determination of any FLSA motion for collective action certification and notice. If the Court enters a bifurcated Scheduling Order, then the Parties propose that discovery be phased as follows:

Phase 1 - All discovery matters concerning the Court's consideration of any motion for collective action certification and notice.

Phase 2 – Fact discovery remaining after the Court's ruling on any motion for collective action certification and notice.

The Parties believe the matters on which discovery may be needed include:

Phase 1 Discovery Matters:
- Issues relative to any motion for collective action certification and notice, including:
    - Applicability of the FLSA,
    - The number of putative collective action members,
    - Whether Plaintiff and the putative collective action members are similarly situated,
    - Information related to the putative class's working arrangement,
    - Defendants' time and pay practices, policies, and procedures concerning Plaintiff and the putative collective action members, and
    - Locations worked by Plaintiff and the putative collective action members.

Phase 2 Discovery Matters:
- Facts concerning Defendants' time and pay practices, policies, and procedures relative to Plaintiff and the collective action members, if any.
- Defendants' record keeping practices, policies, and procedures pursuant to 29 C.F.R. § 516.2 including data in those records concerning Plaintiff and the collective action members, if any, relative to methods, rates, and amounts of pay by workweek, hours worked per seven-day workweek, and start and stop of the seven-day workweek.
- Facts concerning damages, if any, relative to the collective action claims of Plaintiff and the collective action members, if any.
- Facts concerning the issue of willfulness relative to the applicable FLSA statute of limitations.
- Facts concerning the issue of good faith relative to liquidated damages.
- Facts concerning affirmative defenses pleaded by Defendants.

The Parties estimate they will need approximately six (6) months after the close of the FLSA opt-in notice period, if any, to conduct discovery on the merits of Plaintiff's FLSA collective action claims.

*Rule 26(f)(3)(C)*.  The Parties agree that discovery of electronically stored information should proceed according to the Federal Rules of Civil Procedure.  The Parties also agree that production of information in PDF format is an acceptable format, provided the contents of the documents are not altered from their original form.

*Rule 26(f)(3)(D)*.  At this time, the Parties do not have any issues related to claims of privilege or of protection as trial-preparation materials.  However, if such issues arise, the Parties will bring those to the Court's attention pursuant to the Federal Rules of Civil Procedure and the Court's Local Rules.

*Rule 26(f)(3)(E)*.  The Parties request no changes in the limitations on discovery imposed under the Federal Rules or Civil Procedure or by Court order and currently seek imposition of no other limitations.

*Rule 26(f)(3)(F)*.  The Parties anticipate filing a mutually agreeable protective order.  At this time, the Parties do not anticipate that other orders need to be entered by the Court under Rule 16(b) or Rule 16(c) of the Federal Rules of Civil Procedure.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates serving interrogatories on Defendants following the Rule 26(f) conference and may send additional interrogatories as needed up to thirty (30) days prior to the discovery deadline entered by the Court.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate serving interrogatories on West following the Rule 26(f) conference and may send additional interrogatories as needed up to thirty (30) days prior to the discovery deadline entered by the Court.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the deposition of a Rule 30(b)(6) corporate representative in Phase I of this matter.  Plaintiff also anticipates taking the oral depositions of individuals identified in the Parties' initial disclosures, and of others identified by the Parties, by the close of discovery.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking the oral deposition of West. Defendants also anticipate taking the oral depositions of individuals identified in the Parties' initial disclosures, and of others identified by the Parties, by the close of discovery.

    F.  **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

    Plaintiff does not anticipate using experts to testify at the trial of this matter.

    G.  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    None.

    H.  **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Defendants anticipate taking the depositions of all experts designated by West. Defendants anticipate completing expert depositions by the close of discovery.

11.  **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The Parties do not have any disagreements on the discovery plan.

12.  **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None at this time.

13.  **State the date the planned discovery can be reasonably completed.**

The Parties believe that discovery can be reasonably completed by May 2, 2026.

14.  **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Parties anticipate discussing the possibility of an early resolution through direct negotiations.

15.  **Describe what each party has done or agreed to do to bring about a prompt resolution.**

See Response to No. 14.

16.  **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The Parties may pursue direct negotiations. Additionally, the Parties believe that mediation may be appropriate after some discovery is completed.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties= joint position on a trial before a magistrate judge.**

    The Parties do not agree to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if was made on time.**

    West made a demand for jury trial in his Original Complaint.

    Defendants also made a demand for jury trial in its responsive pleading.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The Parties anticipate that it will take approximately 3–4 days (24 hours) to present evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None as of the date of this filing.

21. **List other motions pending.**

    None as of the date of this filing.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    Other than phased discovery, the Parties do not believe any additional limitations beyond those contained in the Federal Rules of Civil Procedure or Local Rules should be placed on discovery at this time.

    The Parties request the entry of a bifurcated Scheduling Order based on the issue of FLSA collective action certification and notice. In FLSA cases where collective action certification and notice is requested, the United States Court of Appeals for the Fifth Circuit requires the Court to "identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.'" *See Swales v. KLLM Transp. Servs., L.L.C.,* 985 F.3d 430, 441 (5th Cir. 2021). Afterwards, the district court "should authorize preliminary discovery accordingly." *Id.* "The amount of discovery necessary to make that determination will vary case by case, but the initial determination must be made, and as early as possible.

West intends to file a motion for collective action certification and notice (hereafter "motion for certification"), the Parties respectfully request that the Court enter an initial Scheduling Order that addresses only matters relevant to the Court's consideration of West's anticipated motion for certification (hereafter "Phase 1"). The Parties ask that they be allowed to confer and present a proposed supplemental/amended Scheduling Order based on contingencies after the deadline for West to file any motion for certification (hereafter "Phase 2").

The Parties propose the following phased Scheduling Order deadlines.

The Parties request the entry of a bifurcated Scheduling Order based on the issue of FLSA collective action certification and notice. In FLSA cases where collective action certification and notice is requested, the United States Court of Appeals for the Fifth Circuit requires the Court to "identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.'" *See Swales v. KLLM Transp. Servs., L.L.C.,* 985 F.3d 430, 441 (5th Cir. 2021). Afterwards, the district court "should authorize preliminary discovery accordingly." *Id.* "The amount of discovery necessary to make that determination will vary case by case, but the initial determination must be made, and as early as possible.

As Plaintiff intends to file a motion for collective action certification and notice (hereafter "motion for certification"), the Parties respectfully request that the Court enter an initial Scheduling Order that addresses only matters relevant to the Court's consideration of Plaintiff's anticipated motion for certification (hereafter "Phase 1"). The Parties ask that they be allowed to confer and present a proposed supplemental/amended Scheduling Order based on contingencies after the deadline for Plaintiff to file any motion for certification (hereafter "Phase 2").

The Parties propose the following phased Scheduling Order deadlines.

| | |
|---|---|
| Deadline to Complete Phase 1 Discovery (discovery on matters relative to the Court's consideration of collective action certification and notice). | No later than 180 days after the date of the Court's Phase 1 Scheduling Order. |
| If any Party will use any expert testimony and/or report in support of a motion for certification or response in opposition to certification, then the following deadlines to provide opposing counsel with the data identified in Federal Rule of Civil Procedure 26(a)(2). | For any Party who will seek to offer expert testimony relative to a motion for certification or response in opposition to certification - no later than 60 days before the deadline for Phase 1 Discovery.<br><br>Deadline for responsive designation, if any, - no later than 30 days before the deadline for Phase 1 Discovery. |
| Deadline for Plaintiff's motion for certification, if any. | No later than 30 days after the Deadline for Phase 1 Discovery |
| Deadline for Defendant's response to Plaintiff's motion for certification, if any. | No later than 21 days after Plaintiff files any motion for certification. |
| Deadline for Plaintiff's reply in support of her motion for certification, if any. | No later than 14 days after Defendant files any response in opposition to Plaintiff' motion for certification, if any. |
| The deadline for Parties to submit a supplemental/amended proposed Scheduling Order for all remaining scheduling deadlines (i.e., Phase 2) is based on these contingencies. | 1. 30 days after the close of the collective action opt-in notice period if the Court grants collective action certification.<br><br>2. If the Court denies collective action certification, then 30 days after the Court's order on same.<br><br>3. If Plaintiff does not file a motion for certification, then 30 days after the deadline for such motion. |

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    West filed his Certificate of Interested Parties on February 10, 2025. Defendants filed their Certificate of Interested Parties on April 16, 2025.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

**Douglas Welmaker**
State Bar No.: 00788641

doug@welmakerlaw.com
**Welmaker Law, PLLC**
409 N. Fredonia, Suite 118
Longview, TX  75601
(512)799-2048 – Telephone
*Counsel for Plaintiff*

**Carmen-Jo Rejda Ponce-Attorney-in-Charge**
State Bar No. 24079149
Fed. ID No. 1366666
crejdaponce@germer.com
**Tiffany Pham-Of Counsel**
State Bar No. 24100495
Fed. ID No. 3309872
tpham@germer.com
**Antonio Ramirez, III-Of Counsel**
State Bar No. 24113672
Federal ID. No. 3515678
aramirez@germer.com
**Germer PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 – Telephone
*Counsel for Defendants*


*/s/ Douglas Welmaker*                                        April 22, 2025
_____          _____
Counsel for Plaintiff(s)                                                                 Date



_____          April 22, 2025
_____          _____
Counsel for Defendant(s)                                                               Date